THOMAS MÉNDEZ, Plaintiff and Appellee, *v.* E. SOLÉ & Co., *S. en C.*, ET AL., Defendants and Appellants.

No. 8771.   Argued January 13, 1944.—Decided January 19, 1944.

■

*Miranda & Miranda Esteve* for appellants.  *E. Pérez Casalduc* for appellee.

MR. ACTING CHIEF JUSTICE TRAVIESO delivered the opinion of the court.

Under a conditional sale contract, the plaintiff purchased from the defendant partnership an automobile, paying a part of the price when the contract was signed and binding himself to pay the balance in 18 monthly instalments of $57.50 each, on the 6th of every month from April 1941, to September 6, 1942.

In the complaint filed in this case it is alleged that the partnership instituted in the District Court of San Juan a repossession proceeding and attached and deposited the automobile; that the plaintiff was deprived of the use of the automobile from April 24, to June 30, 1942, on which date it was returned to him by order of the court; that the attachment was ordered upon a bond for $1,600 which was furnished by the defendant and its co-defendants; that in the repossession proceeding against the plaintiff herein judgment was rendered dismissing the complaint and said judgment became final (*firme*) upon the failure to appeal therefrom in time. The plaintiff claims $400 as damages caused to him by the attachment and by the loss of the use of the automobile, $600 for injury to his reputation, and costs of the suit.

The defendants answered denying the essential allegations of the complaint and set up as special defenses that, since the plaintiff had defaulted in the payment of the promissory note which became due on April 6, 1942, and of the succeeding notes, the defendant partnership, on April 20 of the same year, filed a complaint against the plaintiff and requested the attachment of the automobile; that when the marshal went, on April 23, to attach the automobile he was

unable to levy the attachment because the plaintiff had concealed the vehicle; that on the 24th of the same month the plaintiff offered the agent of the defendant to pay the promissory note which had become due, but this offer was not accepted because under the contract all the promissory notes had become due and the plaintiff refused to pay the costs; that thereupon the plaintiff, acting maliciously, went to the bank and surprised the good faith of the defendants by paying and obtaining the overdue promissory note, which was held for collection by the Banco de Arecibo, despite the fact that the bank had instructions not to deliver the same; and that on that same day, the 24th, before the plaintiff had taken up the promissory note the marshal levied the attachment. It was further alleged that if the plaintiff suffered any damage, this was due to his own negligence and malice, and to his failure to discharge his obligation to pay the note on the day when it became due.

The defendants have appealed from the judgment rendered by the District Court of Arecibo whereby they were adjudged to pay to the plaintiff the sum of $200 as compensation for the loss of profits in consequence of the attachment, plus $50 as attorney's fees and costs.

The defendants-appellants maintain that the lower court erred in holding that in all cases in which an attachment has been levied and the complaint is dismissed, the defendant in the attachment proceeding is entitled to recover damages.

From the opinion delivered by the lower court we copy the following:

"The San Juan court dismissed the complaint, and it was admitted by the parties at the hearing of this case that the reason which the judge had for ordering such dismissal was that, in accordance with the modern decisions, it would not be proper to rescind a contract and to allow the retaking of the property where the debtor has only defaulted in the payment of one instalment.

"Although we do not regard as illicit the clause which provides that the seller is entitled to retake the property upon default in the payment of a single instalment, nevertheless, as the San Juan court dismissed the complaint and E. Solé & Co. failed to take an appeal from that judgment, we must accept the latter as *res judicata, for the law and the jurisprudence recognize the right to recover damages where the suit in which the attachment has been issued is declared to be groundless, and the judgment of the District Court of San Juan in favor of Tomás Méndez, which is now a final judgment, affords u basis for the recovery of such damages.*"

"     *     *     *     *     *     *     *

"Regarding the last ground we must hold that if the plaintiff Tomás Méndez failed to fulfill his engagement to pay punctually and made the payment after suit had already been brought against him and the attachment levied, he is precluded from alleging that his reputation of credit suffered by reason of such attachment, for a person can not enjoy good credit in trade if he fails to meet his business obligations. Moreover, the evidence adduced to show that plaintiff's reputation had suffered was hardly convincing." (Italics ours.)

In the conditional sale contract introduced in evidence it was agreed that "if the buyer fails to pay any of the stip-ulated instalments . . . then the seller, its successors or assigns, shall be entitled to enter the place where the above-mentioned vehicle may be kept and take possession of the same and withdraw it therefrom"; and, further, that if the buyer "should default in the performance of any of the conditions of this contract, the entire unpaid balance of the purchase price and the promissory notes respecting the same shall become due and payable immediately."

It is an admitted fact that on April 20, 1942, when E. Solé & Co. filed its complaint and requested and obtained the order for retaking the automobile, the plaintiff had not yet paid the promissory note pertaining to the instalment which became due on April 6, 1942. The lower court found, in accordance with the evidence, that the plaintiff had paid the amount of said promissory note "after suit had been brought against him and the attachment levied."

Act No. 61 of April 30, 1916, entitled "An Act to provide for the recording of conditional sales of movable goods and chattels, etc." provides (§2) that "it shall be lawful for persons to contract to sell movable goods and chattels upon condition that the ownership thereof is to remain in the vendor until such goods . . . are fully paid for," and (§6) that whenever articles are sold upon that condition "the same may be retaken by the vendor or his successor in interest, on the breach of the condition," in which case the vendor shall retain the property for a period of 30 days thereafter, and during such period the buyer may comply with the terms of the contract and thereupon receive anew the property.

Applying to the facts of this case the legal provisions to which we have just referred, we hold that the selling partnership in filing its complaint and retaking the automobile for default in the payment of the instalment due, acted in accordance with the law and with the express terms of its contract with the plaintiff. The payment made by the latter, after suit had been brought against him and the attachment levied, could not have the effect of converting the attachment into an unlawful act which might serve as a basis for an action for damages.

It is not a matter involved in the present appeal—and hence we are not called upon to decide it—whether the District Court of San Juan erred in dismissing the complaint for the retaking of the automobile on the alleged ground that "in accordance with the modern decisions, it would not be proper to rescind a contract and to allow the retaking of the property where the debtor has only defaulted in the payment of one instalment." Even accepting as correct the decision rendered by the District Court of San Juan, that would not change in any way the legal situation presented in this case. The selling partnership brought its action and sued out the attachment in the exercise of a right acknowl-

edged in its favor by the law and by the conditional sale contract; and if after receiving the amount of the promissory note overdue, the seller saw fit to refrain from taking an appeal from the judgment and to deliver, as it did, the automobile to the plaintiff, such conduct did not render unlawful the attachment levied in accordance with the law.

■ The action for the recovery of damages caused by an alleged unlawful attachment, which is the one brought in this case, is an action *ex delicto* based on the principles set forth in §1802 of the Civil Code. As was said in *Lowande v. Otero & Co.*, 14 P.R.R. 554, 558:

"... there is no doubt that a person is guilty of fault who, to secure the result of an action which he is prosecuting against a specific person, requests and obtains of the court the attachment of the property of his adversary, which attachment afterward, *either through improper preparation of the complaint or owing to the said complaint being groundless or frivolous*, must be dissolved, after having caused considerable damage and prejudice to the credit or interests of the owner of the property attached." (Italics ours.)

See *Busó v. Martínez*, 18 P.R.R. 994; *Mejías v. López*, 51 P.R.R. 20; *Cintrón v. Insular, etc.*, 58 P.R.R. 820.

■ It is a well-settled doctrine that one who initiates or institutes judicial proceedings against another is liable to him for the harm done thereby, (*a*) if the proceedings are initiated without probable cause and for a purpose other than that of securing the adjudication of the claim on which the proceedings are based, and (*b*) where the proceedings have terminated in favor of the defendant. Restatement of the Law of Torts, vol. III, page 443, §674.

If we apply that doctrine to the facts and circumstances of the present case, we are bound to reach the conclusion that the judgment rendered by the lower court was not justified. E. Solé & Co. had probable and sufficient cause for instituting the proceeding for retaking the automobile sold to the plaintiff under a conditional sale contract. The buyer

had defaulted in the payment of an instalment which became due on April 3, 1942, and it was not until the 20th of the same month that the proceeding was instituted. We have already seen that the law as well as the contract recognize the right to repossess the automobile in case of ·default in the payment of any of the stipulated instalments. And there ·is nothing in the evidence which would tend to show that the proceeding had been instituted for the purpose of vexing or injuring the plaintiff or for a purpose other than that of protecting the seller in its just claim for the amount due.

It is true that the District Court of San Juan rendered judgment dismissing the complaint. However, such a dismissal was not based on the insufficiency of the complaint or on the ground that the latter was unjustified or obstinate, but on the fact that, as the buyer of the automobile had paid the instalment due after suit had been brought against him and the attachment levied, the seller, in the judgment of said court, was not entitled to treat the unpaid instalments as due and the contract as rescinded.

For the reasons stated the judgment appealed from must be reversed and the complaint dismissed, imposing on the appellee the payment of the costs incurred in the lower court and those incurred by reason of this appeal.

Mr. Justice Snyder did not participate herein.